UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              CASE NO: 8:15-cr-178-T-36TGW

PILAR GARCIA LORENZO
_____/

**O R D E R**

This matter comes before the Court upon the Defendant's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. 89), filed on October 19, 2016. The Government filed a response in opposition (Doc. 90). Although the Government submitted over eighty exhibits documenting Lorenzo's fraudulent financial transactions and nine witnesses corroborating the charges against her, Lorenzo argues that the evidence was insufficient and did not support the jury's guilty verdict. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial.

**I.    Background**

The indictment charged Defendant Pilar Garcia Lorenzo with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and money laundering in violation of 18 U.S.C. § 1957. Co-defendant Amaury Perez, who faces the same charges, is currently a fugitive.

Lorenzo's charges arise from her participation in a home health care fraud scheme which she executed through a purported home health care agency in Tampa named Gold Care Home Health Services, Inc. ("Gold Care"). Lorenzo established Gold Care as its President and owner and enrolled Gold Care in the Medicare program. Over a two year period, Lorenzo submitted through

Gold Care, 42 requests for anticipated payment ("RAPs") per month to Medicare. In July 2014, Perez became the new President and co-owner of Gold Care. In the two months following, the Defendants submitted over 800 RAPs through Gold Care for services that were neither legitimately prescribed nor performed. Medicare paid Gold Care approximately $2.4 million dollars based on the submitted RAPs. Lorenzo, in conjunction with Perez, laundered the proceeds through various transactions including between and among personal bank accounts, cash transactions, and shell company cash checking agencies.

Following Lorenzo's jury trial, the jury found Lorenzo guilty of all three charges against her, including the objects of both conspiracy charges.

## II. Legal Standard

The court may set aside a guilty verdict and enter a judgment of acquittal if it finds the evidence insufficient to sustain a conviction. Fed. R. Crim. P. 29(c). In deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the [g]overnment and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *U.S. v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *U.S. v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). To challenge a jury's guilty verdict on the ground of insufficiency of the evidence, it must be established that "no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *U.S. v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses.

But, to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004).

Rule 29 and Rule 33 have slightly different standards. On a motion for judgment of acquittal, the Court must view the evidence in the light most favorable to the verdict, and, under that light, determine whether the evidence is sufficient to support the verdict. *U.S. v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Therefore, under Rule 29, the court assumes the truth of the evidence offered by the prosecution. *Id*. But, on a motion for a new trial based on the weight of the evidence, the court may weigh the evidence and consider the credibility of the witnesses. *Id*. If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id*. (quoting *U.S. v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

### III.    Discussion

Lorenzo was charged with violating 18 U.S.C. § 1349; 18 U.S.C. § 1956; and 18 U.S.C. § 1957. Section 1349 provides that "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349

Further, Section 1956 provides that

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
> (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

3

>    (B) knowing that the transaction is designed in whole or in part--
>    (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
>    (ii) to avoid a transaction reporting requirement under State or Federal law,
>    …
>    (h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C.A. § 1956.  Lorenzo's final charge in the indictment provides that "[w]hoever … knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished …." 18 U.S.C. § 1957.

The Government submitted the following exhibits into evidence: Medicare enrollment documents signed by Lorenzo to enroll Gold Care into the Medicare program and naming Perez as Gold Care's president; letters sent to government regulatory agencies in July 2014 identifying Lorenzo as a fifty percent owner of Gold Care with Perez and representing repeatedly that there was no "change in ownership" of Gold Care; Medicare claims activity summaries demonstrating that Defendant executed her plan when she brought in Perez to bill Medicare for services that were never provided and that were never performed to get as much money as they can as quickly as they can before walking away from the company; financial records showing the receipt and movement of the approximately $2.2 million in fraud proceeds laundered through check cashing entities; financial records underlying Count 3 involving a $38,000 cashier's check Lorenzo deposited into her personal bank account; individual checks Lorenzo wrote out of Gold Care's bank account to a Miami handyman in July 2014 with false representations designed to conceal her activity; and the Financial Services Agreement reflecting Perez as an Installer for All-

American Shutters on July 8, 2014, seven days after he became the President and co-owner of Gold Care.

Witness testimony included the following. Stephen Quindoza explained how the Medicare program operates and testified about Gold Care's Medicare documents—signed and submitted by Lorenzo—and Gold Care's claims activity. He also explained how one uses a "straw" or nominee owner to perpetrate and conceal Medicare fraud schemes. Several physicians testified that the patients identified in the Gold Care RAPs were not their patients nor did they prescribe home health services for them, contrary to what Gold Care claimed to Medicare. Several medicare beneficiaries testified that they did not receive home health services, contrary to Gold Care's claims to Medicare. Health and Human Services-Office of Inspector General Special Agent Isaac Bledsoe described and summarized the illicit financial activity in which Lorenzo and others engaged. Derreimo Morfa Lorenzo, a Miami-area handyman, testified that Lorenzo had him cash checks for her in July 2014 that contained false entries including a check for "Total Office Remodeling," which had not occurred.

The fraudulent nature of the Medicare fraud scheme was undisputed. The circumstantial evidence of Lorenzo's involvement in all aspects of the fraud scheme was overwhelming. And Lorenzo's testimony lacked credibility. The Government's evidence was sufficient to sustain the convictions for conspiracy, healthcare fraud, and money laundering. *See U.S. v. Mateos*, 623 F.3d 1350, 1362-63 (11th Cir. 2010) (finding circumstantial evidence sufficient to establish knowledge and intent, noting that circumstances of fraud were so obvious that knowledge of it could be attributed to the defendants, and affirming health care fraud convictions); *U.S. v. Silvestri*, 409 F.3d at 1328 (11th Cir. 2005) (affirming conviction for money laundering conspiracy and substantive money laundering offenses).

Lorenzo has presented no argument or new evidence to support entitlement to a new trial under Rule 33. Further, she has not demonstrated that the weight of the evidence goes against guilt or that the Government's witnesses lacked credibility. *See U.S. v. Martinez,* 763 F.2d 1297, 1313 (11th Cir. 1985) ("Applying these principles, courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies.").

### IV.    Conclusion

After careful consideration, the evidence, viewed in the light most favorable to the Government, was sufficient for a reasonable jury to find Lorenzo guilty beyond a reasonable doubt. Therefore, her motion for judgment of acquittal will be denied. And, after weighing the evidence and considering the credibility of the witnesses, the Court further concludes that the evidence is not contrary to the jury's verdict. Likewise, the Court's ruling on all other previous arguments made prior to and during trial shall remain as stated prior to or during the course of the trial.[1]

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. 89) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 10, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[1] Defendant's argument is made generally as to all previous arguments. Therefore, the Court is unable to address the arguments with any specificity.